IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELODY L. LEE, as Personal
Representative of the ESTATE OF
JOHN ANDREW MORTON, deceased                              PLAINTIFF

V.                           CASE NO.  08-2115

BOBBY A. OVERBEY and
BRENT HIGGINGS TRUCKING, INC.                             DEFENDANT

### ORDER

Before the court is the Defendant's Motion to Quash Plaintiff's Subpoena Duces Tecum to Lancer Insurance Company.  (Doc. 147, 148).  The matter has been referred to the undersigned for disposition by Order entered November 30, 2009.  (Doc. 149).

### Background

The accident forming the basis of this lawsuit occurred on August 22, 2008.  Defendants Bobby Overbey and Brent Higgins Trucking Company, Inc., are insured by Lancer Insurance Company.  This lawsuit was commenced on October 27, 2008, but no contact was had with either the Defendants or Lancer prior to this date.

According to the Plaintiff, one of the key non-party witnesses in this case is John Vogel, the director of operations for Innovative Transportation Systems ("ITS"), a company offering DOT regulatory services to the trucking industry, including Defendant Brent Higgins Trucking, Inc. ITS's primary function is to maintain and organize its client's files (driver logs, employment files, etc.) in an audit-ready system, should one of its clients become the subject of an audit in the future.

In the present case, Mr. Vogel testified at deposition that the investigation in this case was "pretty immediate" after the accident and occurred before he was contacted by any attorneys.  An

accident investigator, presumably retained by Lancer, contacted Mr. Vogel on the day of the accident. This investigator also accompanied Defendant Overbey to a post-accident drug test.

According to Mr. Vogel, this type of behavior is considered to be typical behavior on the part of an insurance company. He also testified that the insurance companies typically audit trucking companies in the course of their regular business. An accident need not occur for an insurance company to undertake such an audit.

During the discovery phase, Plaintiff asked for a variety of documentation, including documentation pertaining to any audits and investigations that were conducted following the accident. However, no such documentation was produced. On November 13, 2009, Plaintiff issued a Subpoena Duces Tecum to Lancer Insurance Company requesting the production of six (6) categories of documents. The Subpoena sought the following documentation: all documents pertaining to each and every audit or review conducted by Lancer Insurance Company, their employees, or their agents of Brent Higgins Trucking, Inc.'s files since August 22, 2008; all documents pertaining to each and every audit or review conducted by Lancer Insurance Company, their employees, or their agents of Innovative Transportation System's files since August 22, 2008; all documents pertaining to any investigation of the collision that is the subject of this litigation that took place between August 22, 2008, and October 27, 2008, which was the date suit was filed; all documents that pertain or in any way relate to any recommendations that have been made at any time by Lancer Insurance Company, their employees, or their agents to Brent Higgins Trucking, Inc., except for any legal advice related to this lawsuit; all documents that pertain in any way or are related to any requirements made at any time by Lancer Insurance Company, their employees, or their agents of Brent Higgins Trucking, Inc., except any legal advice related to this lawsuit; and, any and all

statements, either written or recorded, pertaining to the collision that is the subject of this litigation, and which are in the possession of Lancer Insurance Company, their employees, agents, attorneys, or investigators. In response, the Defendants filed the present Motion to Quash.

**Discussion**

Defendants object to the Plaintiff's Subpoena contending that it seeks the production of documents that are protected by the attorney-client privilege and work-product privilege and also seeks irrelevant materials that subject Lancer Insurance Company to an undue burden. Federal Rule of Civil Procedure 45(c)(3)(A)(iii) and (iv) provide that a subpoena must be quashed or modified if there is a timely motion and the subpoena "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or (iv) subjects a person to undue burden." Further, Rule 26(b)(3)(A) provides that a party "may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant surety, indemnitor, insurer, or agent.)" However, these materials may be discovered if they are otherwise discoverable under Rule 26(b)(1) and the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. FED. R. CIV. P. 26(b)(4).

The attorney-client privilege attaches when legal advice of any kind is sought from a professional legal advisor in his capacity as such, the communication is relevant to that purpose, and is made in confidence by the client. *See Diversified Ind. Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977). Therefore, communications between an attorney and client during attorney-conducted investigations do not necessarily constitute legal communications for the purposes of the attorney-client privilege. *Id.* (holding that a communication is not privileged simply because it is made by

3

or to a person who happens to be a lawyer). Cases have held that it must be clear that the attorney is acting in his/her role as legal counsel with respect to the information at issue before the privilege may attach. *Mission Nat'l Ins. Co. v. Lilly*, 112 F. R.D. 160, 163 (D. Minn. 1986). For example, when an attorney is acting in a role as a claims investigator and the legal advice is merely incidental to the business advice provided, the privilege does not apply. *Id.*, *Great Plains Mut. Ins. Co. v. Mut. Reinsurance Bureau*, 150 F. R. D. 193, 197 (D. Kan. 1993).

"The work product privilege is intended to protect from disclosure materials prepared in anticipation of litigation." *Mission Nat'l Ins.*, 112 F.R.D. at 163. The Defendants seem to argue the mere fact that an accident may be investigated with the anticipation that litigation might arise automatically protects any pre-suit investigative/audit files under the work-product doctrine. However, "[t]he inchoate possibility, or even the likely chance of litigation, does not give rise to the privilege." *Id.*; *Pepsico, Inc. v. Baird, Kurtz & Dobson, LLP*, 305 F.3d 813, 816 (8th Cir. 2002). As such, work product does not protect from discovery documents and opinions prepared or expressed before litigation was commenced or a claim was denied. *See Thiele Dairy, LLC v. Earthsoils, Inc.*, 2008 WL 2309454 *2 (D. Neb. June 4, 2008).

At the onset, we note that the Defendants have not submitted a privilege log. It is difficult for the Court to determine whether a privilege exists without a clear indication of the privilege asserted and the grounds for said privilege. However, based on the evidence before the court, it appears that Lancer commenced an investigation immediately following the accident, as is the common practice of insurance companies nationwide, regardless of the prospect of litigation. Although attorneys may have been involved in this investigation, it seems clear that they were employed solely for the purpose of making an investigation of facts and to make business

4

recommendations.  Clearly, this is the kind of work that could have been performed just as readily by non-lawyers.  *See Diversified Ind. Inc.*, 572 F.2d at 603.  We also note that the investigation of the accident was not conducted in anticipation of litigation, rather it commenced immediately after the accident occurred, before a claim had been filed, before a claim had been denied, and well before this lawsuit was even filed.  *See Thiele Dairy, LLC*, at * 2.  Therefore, we do not find that Lancer's audit and investigation files are subject to the protections of the attorney-client or work-product privileges.

**Conclusion**

Accordingly, the Defendants' Motion to Quash is hereby DENIED.  It is so ORDERED on this the 3rd day of December 2009.

/s/ *J. Marschewski*
Honorable James R. Marschewski
United States Magistrate Judge