IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELODY L. LEE as
Personal Representative of the
Estate of John Andrew Morton                                                                PLAINTIFF

V.                              NO.  2:08-cv-02115

BOBBY A. OVERBEY and
BRENT HIGGINS TRUCKING, INC.                                                         DEFENDANT

## O R D E R

Before the court is the Plaintiff's Motion for Sanctions against Dr. Stan Smith (Doc. 30) filed May 8, 2009.  The Defendant filed his Brief (Doc. 31) on May 8, 2009 and the Plaintiff filed her Response (Doc. 37) on May 27, 2009.

The Defendant also filed a Motion to Exclude the Expert Testimony and Daubert Challenge of Dr. Stan Smith (Doc. 49) on June 3, 2009.  The court entered an order denying the Motion to Exclude the testimony of Dr. Smith (Doc. 93) on July 31, 2009.

The court held a hearing on other pending motions on August 14, 2009 but the current motion was not addressed at that time.

The Defendant filed a supplement (Doc. 97) on August 21, 2009 and the Plaintiff filed her Response (Doc. 100) on August 27, 2009.

The court held an additional hearing on September 28, 2009 and heard argument on several motion.  The court believed that a hearing has been set on the Motion for Sanctions against Dr. Smith but no notice on that motion had been given to the attorneys and no argument was taken on the motion but the court did order that the Defendant is further advised, again, that the Decedent's Motion for Sanctions against Dr. Stan Smith (Doc. 30) is still pending before the

court and that the defendant shall provide to the court a list of questions that Dr. Smith did not or could not answer at his last deposition within ten days or the court will consider the motion against Dr. Smith as MOOT.

Defendant filed an additional Supplement (Doc. 118) on October 6, 2009 and another Response (Doc. 119) on October 7, 2009 and the Defendant filed his Reply (Doc. 120) on October 9, 2009.

**Background:**

The lawsuit before this Court arose from a collision between a motor vehicle driven by John Morton and a tractor-trailer driven by Bobby Overbey that occurred on or about August 22, 2008. John Morton died as a result of the collision. Plaintiff Brian Morton filed this lawsuit on October 21, 2008 seeking personal injury damages allegedly resulting from this collision.

On April 9, 2009, Defendants noticed the deposition of Dr. Stan Smith, who is a designated expert for Plaintiffs. On April 21, 2009, the deposition of Dr. Stan Smith took place. Dr. Smith failed to file a Motion for Protection or a Motion to Quash for any of the requests for documents listed on Exhibit A of the Subpoena Duces Tecum. Defendants ask the court to Sanction Dr. Stan Smith because Dr. Smith was combative, condescending, argumentative, non-responsive and oftentimes intentionally became distracted during his deposition. His inattention and overall demeanor inhibited the discovery process and was to such an extent that the time and expense for the taking Dr. Smith's deposition was essentially wasted.

The Defendant ask the court to award sanctions by striking Dr. Stan Smith as an expert in this matter; or in the alternative, issue an order compelling Dr. Smith to produce documents fully responsive to Defendants' subpoena duces tecum at his own expense, and ordering Dr. Smith to waive all of his fees related to the April 21, 2009 deposition, and ordering Dr. Smith to pay Mr.

Stanton's travel expenses in the amount of $1,000.00 and attorney's fees in the amount of $2,000.00 for his attendance of the April 21, 2009 deposition, and compelling Dr. Smith to appear at another deposition in Dallas, Texas at no expense to Defendants.

**Discussion:**

The Plaintiff has filed suit for loss of life damages pursuant to Ark. Code Ann. §16-62-101 which provides that "In addition to all other elements of damages provided by law, a decedent's estate may recover for the decedent's loss of life as an independent element of damages." *See Ark. Code Ann*. §16-62-101 (b). A very good discussion of the loss of life damage claim was conducted by Judge Eisele in McMullin v. U.S. and he noted that the only pertinent comment in the Arkansas Jury Instructions states:

As a result of a 2001 amendment to Ark.Code Ann. § 16-62-101, damages for the decedent's "loss of life" are now recoverable by the estate as an independent element of damage. These are the damages that would compensate a decedent for the loss of the value that a decedent would have placed on his or her own life. *See Durham v. Marberry*, 356 Ark. 481, 156 S.W.3d 242 (2004). *McMullin v. U.S.* 515 F.Supp.2d 914, 921 (E.D.Ark.,2007).

In the Plaintiff's attempt to prove up her loss of life claim she listed Dr. Stan Smith as an expert witness and the Defendant served notice to take the deposition of Dr. Smith on or about April 9, 2009. The Deposition was to take place on April 21, 2009 in Chicago, Illinois. (Doc. 97-1, p. 2-4). Dr. Smith was instructed to bring a broad and sweeping amount of material to the deposition (Doc. 97-1, p. 5-6) including, but not limited to the following:

a. Request Number 3: All opinions, observations, tests, factual data, calculations, charts, graphs, models, videotapes, drawings, pictures, photographs, sound recordings, slides, holographs, electronic data, images, audio media and metadata and other documents, items and

things developed in whole or in part by the deponent;

      b. Request Number 7: All documents and tangible things supporting opinions or observations of any type which the deponent has formed or may express at the time of trial or any hearing in the case at bar;

      c. Request Number 8: All charts, graphs, models, videotapes, drawings, pictures, photographs, sound recordings, slides, holographs, and other documents, items which the deponent may show, refer to, display or rely upon in any way for the case at bar;

      d. Request Number 14: All transcripts of depositions and/or trial testimony within your care, custody and/or control of any legal matter involving you in any Court during the past twenty years;

      e. Requests Number 15: A complete copy of any recording or oral presentation where you have appeared during the past twenty years on any national, cable television network including, but not limited to, Larry King Live, CNN, Arts and Entertainment network, NBC, CBS and ABC;

      f. Request Number 16: A complete copy of all radio and electronic recordings in which you have participated and/or presented information during the past twenty years;

      g. Request Number 17: All Orders by any Court striking part or all of your testimony in any lawsuit in which you have offered in any form of testimony, including but not limited to expert testimony. (See Doc. 118, p. 2-3).

      Dr. Smith failed to file a Motion for Protection or a Motion to Quash for any of the requests for documents listed on Exhibit A of the Subpoena Duces Tecum.

      It appears that when the deponent appeared he had his report (Deposition Exhibit #1), his invoice (Deposition Exhibit #3) and a list of cases he had testified in over the last four years

(Deposition Exhibit #4). (Doc. 97-2, p. 5). It is clear in looking at the video deposition that Dr. Smith's report appears voluminous and it consist of a number of papers or pages.

The Defendant filed a Motion to Exclude the Expert Testimony and Daubert Challenge of Dr. Stan Smith (Doc. 49) on June 3, 2009. The court entered an order denying the Motion to Exclude the testimony of Dr. Smith (Doc. 93) on July 31, 2009. Dr. Smith has testified numerous times on the value of loss of life and the court declined to strike Dr. Smith on the Daubert challenge.

The Defendant now ask the court to award sanctions by striking Dr. Stan Smith as an expert in this matter because of the abuse of the discovery process; or in the alternative, issue an order compelling Dr. Smith to produce documents fully responsive to Defendants' subpoena duces tecum at his own expense, and ordering Dr. Smith to waive all of his fees related to the April 21, 2009 deposition, and ordering Dr. Smith to pay Mr. Stanton's travel expenses in the amount of $1,000.00 and attorney's fees in the amount of $2,000.00 for his attendance of the April 21, 2009 deposition, and compelling Dr. Smith to appear at another deposition in Dallas, Texas at no expense to Defendants.  (Doc. 30).

The Federal Rules provide that at the taking of a deposition "[T]he examination and cross-examination of a deponent proceed **as they would at trial**." See Fed. Rule of Civil Procedure, Rule 30 (c)(1).  The court notes that the deponent was questioned for three hours and fifty-six minutes and that during that time he received numerous calls or disruptions caused by his cell phone and would absent himself from the witness chair during questioning by defense counsel. These are clearly actions that would not be permitted at trial.  It appears to the court that the deponent, while being non responsive and argumentative at times, did make a good faith effort to answer the questions that were put to him. The court also notes that the deponent was

asked certain irrelevant questions concerning personally identifiers that the deponent rightly objected to answering.

The court was initially concerned that the deponent had failed to answer specific questions that had been presented by the Defendant and the court ordered that the defendant provide a specific list of questions that the deponent had failed to answer. (Doc. 116, p. 2). The Defendant, even though instructed by the court, has not listed any specific question that the deponent failed to answer but has only asserted that the deponent failed to produce certain documents pursuant to the Notice of Deposition, Exhibit A. (Doc. 97-1).

The court does not believe that the deponent's behavior was so egregious that it would justify striking him as an expert witness.

It is clear that the deponent failed to bring to the deposition all of the material that was requested in Exhibit A to the Notice of Deposition. (Doc. 97-1). The Deposition Notice (Doc. 97-1) was made Exhibit Number 2 to the deposition and the deponent acknowledged that he did receive a copy of the Notice and that he had not filed any objection to the Notice. (Depo.; 09:55:45). While the court, if it had been ask, may have held some of the request to be too broad, the court will not evaluate the Notice in hindsight and the deponent will be held to have agreed to comply with the Notice as it was tendered.

The court will address the specific request listed in the Notice that the Defendant claims the deponent failed to produce.

> **Request Number 3:** All opinions, observations, tests, factual data, calculations, charts, graphs, models, videotapes, drawings, pictures, photographs, sound recordings, slides, holographs, electronic data, images, audio media and metadata and other documents, items and things developed in whole or in part by the deponent.

The Defendant stated that he did not have anything in this request that was not provided

in the reports. (Deposition; 09:58:08).

    **Request Number 7:** All documents and tangible things supporting opinions or observations of any type which the deponent has formed or may express at the time of trial or any hearing in the case at bar.

The deponent, when he was asked if he had produced this material, seemed to imply that it would be difficult. (Depo.; 10:04:44). Dr. Smith did indicate that if the Plaintiff's counsel asked him to produce certain documents he would. (Depo.; 10:05:19). There seems to be a host of documents referenced in the deponent's report that would fit into this category including but not limited to the United States life tables referenced in Dr. Stan Smith's report, studies and authorities cited in Dr. Stan Smith's report, the CPI Detailed Report cited in Dr. Stan Smith's report and not produced, the Journal of Forensic Economics, volume 3, number 3, fall of 1990, pages 17-39 cited in Dr. Stan Smith's report and not produced, Household Production Consumption out of New York, Columbia University of Press cited in Dr. Stan Smith's report and not produced, references in the Appendix of Dr. Stan Smith's report which were not produced, film clip from the Defense Research Institute, film clip from the American Litigation Institute, file clip from the American Bar Association, peer reviewed academic studies cited in Dr. Stan Smith's report, economic Inquiry volume 42, number one, May 2003 cited in Dr. Stan Smith's report and not produced.

The court notes that the deponent, got up from the witness chair and left during the time the attorney was listing the items that Dr. Smith had failed to produce at deposition. (Depo.; 10:06:14).

    **Request Number 8**: All charts, graphs, models, videotapes, drawings, pictures, photographs, sound recordings, slides, holographs, and other documents, items which the deponent may show, refer to, display or rely upon in any way for the case at bar.

Mr. Smith stated that he had "not decided" what of the above he would use at trial and

that may not be decided until the time of trial. (Depo.; 10:07:57 to 10:08:14). This is a reasonable request by the Defendant and should have been responded to by the deponent.

**Request Number 14**: All transcripts of depositions and/or trial testimony within your care, custody and/or control of any legal matter involving you in any Court during the past twenty years.

The deponent acknowledged that he did not comply with this request. (Depo.; 10:13:42). The deponent also did testify that he had more than ten transcript of depositions and/or trial testimony in his office. (Depo.; 10:14:10).

**Requests Number 15**: A complete copy of any recording or oral presentation where you have appeared during the past twenty years on any national, cable television network including, but not limited to, Larry King Live, CNN, Arts and Entertainment network, NBC, CBS and ABC.

The deponent stated that he did not "believe" that he had copies of the above interviews. (Depo.; 10:15:37). It is clear to the court that the deponent had made no effort to locate these documents prior to the deposition.

**Request Number 16**: A complete copy of all radio and electronic recordings in which you have participated and/or presented information during the past twenty years.

The deponent stated that his answer to this request was the same as Request Number 15. (Depo.; 10:16:03).

**Request Number 17**: All Orders by any Court striking part or all of your testimony in any lawsuit in which you have offered in any form of testimony, including but not limited to expert testimony. (See Doc. 118, p. 2-3).

The deponent testified that he did not maintain records where the courts had stricken his testimony. (Depo.; 10:18:35).

As stated above, it is clear that the deponent did not respond properly to the Notice of Deposition, did not produce all of the items requested in the Notice and sought no relief from the court prior to the deposition concerning the items requested in the Notice.

**Conclusion:**

The court having considered the briefs of counsel and the evidence finds that the Defendant's Motion for Sanctions against Dr. Smith is GRANTED. The Defendant's Request to Strike Dr. Smith as an Expert Witness for the Plaintiff is DENIED at this time but the Deponent is ordered to produce all of the items in Request Number 7, Request Number 8, Request Number 14, Request Number 15, Request Number 16 and Request Number 17 within ten days to the Defendant at no cost to the Defendant.

The court further orders that if the Defendant desires to take a second deposition of Dr. Smith they shall be allowed to do so at no cost to the Defendant. The second deposition shall be limited to questions concerning material furnished as a result of this order and shall be conducted pursuant to Rule 30 of the Federal Rules of Civil Procedure. The deponent is ordered to turn off his cell phone and surrender his cell phone to Plaintiff's attorney prior to the deposition. The deponent is further ordered to not absent himself from the witness chair without permission by both the plaintiff and defense attorneys. The court will be available during the second deposition to resolve disputes between the parties.

IT IS SO ORDERED this December 8, 2009.

        */s/ J. Marschewski*
        HONORABLE JAMES R. MARSCHEWSKI
        United States Magistrate Judge