IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELODY L. LEE, as Personal
Representative of the ESTATE OF
JOHN ANDREW MORTON, deceased                    PLAINTIFF

V.                              CASE NO. 08-2115

BOBBY A. OVERBEY and
BRENT HIGGINS TRUCKING, INC.                    DEFENDANT

## ORDER

Currently before this court is the Defendants' Motion to Compel D W Video #32 to comply with a subpoena. (Doc. 155). By Order dated December 3, 2009, this matter has been referred to the undersigned for disposition. (Doc. 157).

**Background**:

The relevant facts indicate that the accident which forms the basis of this lawsuit occurred at approximately 12:04 A. M. on August 22, 2008, on the east side of Interstate 35, approximately one mile North of Gainesville, Texas. D W Video #32 is an adult video and bookstore on the opposite side of Interstate 35 from the location of the accident. Through discovery, the Defendants learned that the decedent, John Andrew Morton, was present at D W Video #32 immediately prior to the accident. Accordingly, on June 19, 2009, Defendants issued a Subpoena to D W Video #32, along with requests for the production of documents, requesting copies of receipts for purchases made by John Morton between February 25, 2008, and August 30, 2008. As of this date, D W Video #32 has failed to comply and the Defendants' now seek an order from this Court compelling D W Video #32 to provide the requested information. (Doc. 155).

**Discussion:**

  A party is entitled to discover any non-privileged matter that is relevant to any party's claim or defense. *See* FRCP 26(b)(1). Relevant information does not have to be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *See* Fed R. Civ. Proc. 26(b)(1). In the present case, Plaintiff has made a claim for loss of life damages related to John Morton's death. *See* ARK. CODE ANN. § 16-62-101(b). Loss of life damages seek to compensate a decedent for the loss of the value that the decedent would have placed on his or her own life. *See Durham v. Marberry*, 356 Ark. 481, 492, 156 S.W. 3d 244, 248 (2004). The language in *Durham* suggests that the loss of life damages award has two components: (1) the value of the decedent's loss of earning capacity less deductions for his reasonable living expenses; and (2) compensation for the destruction of his capacity to carry on and enjoy life's activities in a way he would have done had he lived. *Id.* Although difficult to place a monetary value on a life, it seems clear that the Court should consider testimonial evidence of the decedent, to include statements made or actions taken by him tending to prove the subjective value he placed on his life. *See McMullin v. United States*, 515 F. Supp. 2d 914, 923 (E.D. Ark. 2007). However, beyond this, the Arkansas Supreme Court has not made clear the parameters of evidence that may be relevant to establish this type of claim. *Id.* at 926. We note that the Connecticut and New Hampshire Supreme Courts have allowed the parties to put forth any evidence having a tendency to prove the type and quality of life the decedent lived and the activities and enjoyments of life in which he participated and of which he is now deprived, provided that such evidence is not otherwise barred. *Id.* at 925 (citing *Marcotte v. Timberland/Hampstead School District*, 143 N. H. 331, 733 A.2d 394, 406 (N. H. 1999) (court allowed into evidence the decedent's computer diary and various photographs depicting the decedent

and his belongings) and *Fairbanks v. State*, 143 Conn. 653, 124 A.2d 893, 897-898 (Conn. 1956) (fact that decedent was a happy and well-adjusted individual was admissible)). In *One National Bank v. Pope*, 372 Ark. 208, 272 S.W. 3d 98, 102-103 (2008), the Arkansas Supreme Court agreed that the *Durham* case did not foreclose the admissibility of this type of evidence in Arkansas cases involving loss of life damages. The court concluded that direct evidence of the decedent's value of their life was not required. *Id*. Instead, circumstantial evidence, including character evidence, was equally admissible as substantial evidence from which a jury could infer the value the decedent would have placed on his life and on which a jury could award an estate loss of life damages. *Id*. at 215.

We note that the evidence the Defendants seek to obtain is evidence explaining the purpose of the deceased's trip to Texas and his activities leading up to the accident. Because other evidence has suggested that the deceased may have frequented D W Video #32, they also seek evidence to show plaintiff's activities and enjoyments of life. As such, we find that D W Video # 32 should be compelled to produce the receipts as requested.

**Conclusion**:

Accordingly, the Defendant's Motion to Compel D W Video #32 to comply with a subpoena is hereby GRANTED. D W Video #32 is hereby directed to produce the requested documents no later than December 18, 2009, directly to Jim Stanton, 3811 Turtle Creek Boulevard, Suite 770, Dallas, Texas 75219. It is so ORDERED on this the 8th day of December 2009.

/s/ *J. Marschewski*
Honorable James R. Marschewski
United States Magistrate Judge