IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELODY L. LEE as
Personal Representative of the
Estate of John Andrew Morton                                                    PLAINTIFF

    V.                    NO.  2:08-cv-02115

BOBBY A. OVERBEY and
BRENT HIGGINS TRUCKING, INC.                                                    DEFENDANT

## O R D E R

Before the court is the court is the Plaintiff's Motion to Compel Written Discovery and to Compel 2nd deposition of Bobby Overbey (Doc. 168) filed December 7, 2009.

**Background:**

The lawsuit before this Court arose from a collision between a motor vehicle driven by John Morton and a tractor-trailer driven by Bobby Overbey that occurred on or about August 22, 2008. John Morton died as a result of the collision. Plaintiff Brian Morton filed this lawsuit on October 21, 2008 seeking personal injury damages allegedly resulting from this collision.

**Discussion:**

It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *Marroquin-Manriques v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir.1983). The Federal Rules of Civil Procedure permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Discovery is not limited solely to admissible evidence but encompasses matters which "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." See id; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

"Relevance is construed broadly and determined in relation to the facts and circumstances of each case." *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 407 (E.D.Pa.1996).

"Relevance is construed broadly and determined in relation to the facts and circumstances of each case." *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 407 (E.D.Pa.1996).The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit. Id. See also Fed.R.Civ.P. 45(c) (authorizing the court to ensure a party responsible for the issuance and service of a subpoena takes reasonable steps to avoid imposing "undue burden or expense" on a person subject to a subpoena). *Roberts v. Shawnee Mission Ford, Inc.* 352 F.3d 358, *361 (C.A.8 (Mo.),2003)

Defendants answered Plaintiff's discovery requests on March 13, 2009. See Defendant Overbey's Interrogatory responses (Doc. 170-1), Defendant Brent Higgins Trucking, Inc.'s Interrogatory responses (Doc. 170-2), and Defendant Brent Higgins Trucking's Request for Production responses (Doc. 170-3 & 4).

On or about November 2, 2009, Plaintiff sent Defendants a detailed letter, wherein she requested supplementation of various discovery requests. (Doc. 170-5).

On November 3, 2009, Plaintiff served Defendant Overbey with her second set of Interrogatories and Requests for Admissions to which defendant Overbey's responded. (Doc. 170-6 and 170-7).

On December 2, 2009, Plaintiff's counsel sent Defendants' counsel an email asking for more complete answers, as well as a second deposition of Overbey based on inconsistencies in Overbey's deposition testimony and request for admission responses. (Doc. 170-8).

The Plaintiff now contends that the defendants have failed to respond to the following Interrogatories and Request.  The Defendants have raised certain objection which will be

addressed by the court.

One of the universal objections that the defendants raise is that the interrogatories were "not served in a timely manner to allow the Defendant to respond prior to discovery cutoff." The court finds this argument to be without merit. The interrogatories were filed on November 3, 2009. The discovery cut off pursuant to the Amended Scheduling Order (Doc. 46) was December 15, 2009 and November 30, 2009 pursuant to the court's order rescheduling the trial date for February 15, 2009. Regardless the court believes there was sufficient time for the defendant to respond to the interrogatories and that answers could have been provided after a short interview with the defendant.

The remaining objections will be dealt with as they are specifically raised in each interrogatory or request.

## INTERROGATORIES TO BOBBY OVERBEY

**INTERROGATORY NO. 18: Please list all of your occupations or jobs and your employers' names and addresses, the dates of employment, the general nature of your duties with each employment, your wage or salary at the time each job ended, and reasons for termination during the last ten years, starting with your present employer.**

The Defendant objected to this interrogatory on the basis that it was overbroad and irrelevant.

The court believes that the Defendant Overbey's employment status after the accident in question is relevant and material to the current litigation. It certainly cannot be said the request is overbroad. The Defendant has previously supplied his employers in the last ten years. This supplement is only asking for his employment history since 2008. If the Defendant is working as a truck driver while still taking medication it may be relevant to the Plaintiff's claim.

The Plaintiff's Motion to Compel as to this Interrogatory is **GRANTED.**

**INTERROGATORY NO. 21: Prior to the August 22, 2008 accident that forms the basis of this litigation, when was the last time you ingested any methamphetamine?**

The Defendant objected to this Interrogatory because it was overbroad and not properly limited in time or scope. The Defendant further objected and contended the Interrogatory was irrelevant and immaterial. There appear to be test results from the Texas Department of Public Safety and an independent lab that show the presence of amphetamine and methamphetamine in the Defendant's blood. (Doc. 140-1 &2). The question is certainly relevant and material and the time limit is not overbroad.

The Plaintiff's Motion to Compel as to this Interrogatory is **GRANTED.**

**INTERROGATORY NO. 22: If your answer to the preceding Interrogatory is or infers that you did not ingest any methamphetamine in the 60 days prior to this accident, please provide a detailed theory explaining why methamphetamine was detected in your urine sample that was analyzed by the Texas Department of Public Safety.**

The Defendant objected to this interrogatory on the basis that it was overbroad and not limited in time, irrelevant, subject of expert testimony, and that he is not an expert and cannot explain the results of the drug test conducted by the TDPS.

It seems relevant to the court that, if Defendant Overbey had an explanation as to why a substance might be present in the body, the Plaintiff would have a right to know that information and be prepared to counter it at trial if possible. If Defendant Overbey has no explanation for the test result it is a simple matter for him to say so.

The Plaintiff's Motion to Compel as to this Interrogatory is **GRANTED.**

**INTERROGATORY NO. 23: If you did ingest methamphetamine in the 60 days prior to the accident forming the basis of this litigation, please give a detailed description of the**

**manner in which you ingested it (i.e, snorting, injecting, smoking, drinking, etc).**

The Defendant objected to this interrogatory on the basis that it was overbroad and not relevant.

It is hard for the court to understand how the ingesting of methamphetamine by a tractor trailer driver involved in a motor vehicle accident could not be relevant.  As for the time period the court finds that the inquiry of substance abuse 60 days prior to the accident is not overbroad.

The Plaintiff's Motion to Compel as to this Interrogatory is **GRANTED.**

**INTERROGATORY NO. 24: If you did ingest methamphetamine in the 60 days prior to the accident forming the basis of this litigation, please provide the name of the person from whom you obtained the methamphetamine and advise when and from where you obtained the methamphetamine.**

The Defendant objected to this interrogatory on the basis that it was overbroad and not relevant and the court agrees that this question is not relevant.  The Plaintiff did not asked if Defendant Overbey obtained methamphetamine from his employer but merely from what source he obtained his meth.

The Plaintiff's Motion to Compel as to this Interrogatory is **DENIED.**

**INTERROGATORY NO. 25: Please identify all attorney(s) who have either entered an appearance or acted on your behalf in the criminal case that has been filed against you as a result of this collision, namely Case No. CF-09-218, filed in Cooke County, Texas.**

The Defendant objected to this interrogatory on the basis that it was overbroad and not relevant and the court agrees that this question is not relevant.

The Plaintiff's Motion to Compel as to this Interrogatory is **DENIED.**

## REQUESTS FOR PRODUCTION TO BRENT HIGGINS TRUCKING

**REQUEST FOR PRODUCTION NO. 29: Produce any exhibits prepared by the motor carrier and/or the driver, or their agents, attorneys, investigators or insurance carriers, which are in the possession, custody or control of same, and which you intend to use at any deposition taken in this case or at trial.**

The only objection that the Defendant had to this Request was that it had not decided which exhibits it would use at trial.

The Plaintiff's Request for Production under this Request is **GRANTED.**

**REQUEST FOR PRODUCTION NO. 30: Produce a copy of the application and/or claims for benefits and/or claims for payments submitted by the motor carrier and/or the driver to any insurance company for personal injuries and/or property damage that any Defendant may have in the collision.**

The Defendant objected to his Request contending that it was overbroad and irrelevant. The court disagrees. The claims presented or paid my produce evidence concerning the nature and extent of the collision.

The Plaintiff's Request for Production under this Request is **GRANTED.**

**REQUEST FOR PRODUCTION NO. 32: Produce any statements, either written or recorded, made by the Plaintiff and/or Plaintiff's family members which are in the possession, custody or control of the motor carrier and/or the driver, or their agents, attorneys, investigators or insurance carriers.**

The Defendant has responded to this request and stated that it has "none". The court cannot compel the Defendant to produce what it does not have.

The Plaintiff's Request for Production under this Request is **DENIED.**

**REQUEST FOR PRODUCTION NO. 49: Produce all risk management guidelines provided to the motor carrier by any and all insurance companies.**

The Defendant objected to his Request contending that it was overbroad, vague, ambiguous, not properly limited in time or scope and is irrelevant.

The Plaintiff did not attach any time limit on this request and it appears to be overbroad and ask for risk assessments on any topic and not the one that is the point of this litigation.

The Plaintiff's Request for Production under this Request is **DENIED.**

**REQUEST FOR PRODUCTION NO. 50: Produce all written requests made by the motor carrier and/or the driver to any insurance carrier for any risk management guidelines or risk management plans.**

The Defendant objected to his Request contending that it was overbroad, vague, ambiguous, not properly limited in time or scope and is irrelevant.

The Plaintiff did not attach any time limit on this request and it appears to be overbroad and ask for risk assessments on any topic and not the one that is the point of this litigation.

The Plaintiff's Request for Production under this Request is **DENIED.**

**REQUEST FOR PRODUCTION NO. 51: Produce all risk management plans prepared by or for the motor carrier.**

The Defendant objected to his Request contending that it was overbroad, vague, ambiguous, not properly limited in time or scope and is irrelevant.

The Plaintiff did not attach any time limit on this request and it appears to be overbroad and ask for risk assessments on any topic and not the one that is the point of this litigation.

The Plaintiff's Request for Production under this Request is **DENIED.**

**REQUEST FOR PRODUCTION NO. 53: Produce any audits or reviews performed by the motor carrier or by any other person or entity of any driver's daily or multi-daily log books, expenses and/or bills of lading for the driver.**

The Defendant objected to his Request contending that it was overbroad, vague, ambiguous, not properly limited in time or scope and is irrelevant.

While the Plaintiff did not attach any time period for this request it is specific in that it deals with Defendant Overbey and audits of his driving log. This item is relevant to this case. The Defendant Overbey infractions and Defendant Brent Higgins Trucking knowledge of those infractions may be pertinent evidence in the current case.

The Plaintiff's Request for Production under this Request is **GRANTED.**

**REQUEST FOR PRODUCTION NO. 59: Produce copies, including transcripts, audiotapes, and videotapes, of any interview Defendants have conducted with any potential witness herein.**

The Defendant objected to his Request contending that it was overbroad, vague, ambiguous, not properly limited in time or scope and is irrelevant and seeks production of item that are protected by attorney-client privilege.

The Defendant further responded that they had no items that fit this request. It is hard for the court to understand why the Defendant was claiming attorney-client privilege for no items that they possessed. The Defendant produced no privilege log, presumably because there were no items.

The court believes that the items requested, if they exist are relevant and material and since no log has been produced do not qualify as attorney-client privilege.

The Plaintiff's Request for Production under this Request is **GRANTED.**

**REQUEST FOR PRODUCTION NO. 65: Produce all documents relating to any facts or information relating to the subject matter of this action furnished to you by any expert you expect to call as an expert witness on the trial of this case.**

The Plaintiff's Request for Production under this Request is **GRANTED.**

**REQUEST FOR PRODUCTION NO. 66: Produce all documents, reports and/or data relating to any facts or information relating to the subject matter of this action furnished to you by any expert with whom you have consulted about any aspect of this case.**

The Defendant objected to this request as exceeding the scope of Rule 26 to the extent that it seeks the production of documents from purely consulting experts.

Rule 26 provides that ordinarily "a party may not, by interrogatories or deposition, discover facts know or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. Rules of Civil Procedure, Rule 26(b)(4).

The Plaintiff's Request for Production under this Request is **DENIED.**

**REQUEST FOR PRODUCTION NO. 67: Produce all documents relating to any written or recorded statement of the driver or any other potential witnesses, concerning any fact relevant to the subject matter of this action.**

The Plaintiff's Request for Production under this Request is **GRANTED.**

**REQUEST FOR PRODUCTION NO. 81: Produce any and all communications, correspondence, emails, documents and/or records sent to or retrieved from any federal, state or local government, person or entity in regard to the collision.**

The Plaintiff's Request for Production under this Request between August 22, 2008 and October 27, 2008 is **GRANTED.**

**REQUEST FOR PRODUCTION NO. 82: Produce any and all documents regarding the analysis and review of the collision.**

The Defendant, contending the request violated the work product privilege, provided the Texas Peace Officer''s Crash Report.

The Plaintiff's Request for Production under this Request between August 22, 2008 and October 27, 2008 is **GRANTED.** If there are other reports, other than those reports previously excluded under Rule 26(b)(4), that are Defendant believes are attorney work product the Defendant should identify those reports and explain why the work product privilege applies.

**REQUEST FOR PRODUCTION NO. 83: Produce any and all documents received from or sent to safety consultants employed or retained by the motor carrier.**

The Defendant objected to his Request contending that it was overbroad, vague, ambiguous, not properly limited in time or scope and is irrelevant and seeks production of item that are protected by attorney-client privilege.

The Plaintiff's Request for Production under this Request between August 22, 2008 and October 27, 2008 is **GRANTED.** If there are other reports, other than those reports previously excluded under Rule 26(b)(4), that are Defendant believes are attorney work product the Defendant should identify those reports and explain why the attorney-client/work product privilege applies.

**REQUEST FOR PRODUCTION NO. 92: Produce all documents that evidence the financial condition and financial net worth of Defendant Brent Higgins Trucking, Inc. These documents are requested for purposes of assessing punitive damages, and are to**

**include but are not limited to tax returns, bank statements, stocks and bonds, deeds of trust, income and expense reports, balance sheets, asset statements, profit and loss statements, all for the time period of 2003 to the present.**

The Plaintiff's Request for Production under this Request is **GRANTED.**

### REQUEST FOR A SECOND DEPOSITION OF OVERBEY

The court has ordered further responses to Interrogatories by the Defendant and believes that any request for an additional deposition of Defendant Overbey is premature and the court will **RESERVE** ruling on this request at this time.

**Conclusion:**

The Plaintiff's Motion to Compel Written Discovery and to Compel a 2nd Deposition of Bobby Overbey is **GRANTED** in **PART** and **DENIED** in **PART** as stated above. For those Interrogatories and Request **GRANTED** the Defendant shall respond within 10 days.

The Plaintiff's request for costs and attorney fees is **DENIED.**

IT IS SO ORDERED this 9th day of December 2009.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
United States Magistrate Judge