IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELODY L. LEE, as Personal             §
Representative of the ESTATE OF        §
JOHN ANDREW MORTON, deceased,          §
   *Plaintiff*,                        §
                                       §
v.                                     §          CIVIL ACTION NO. 08-2115
                                       §
                                       §
BOBBY A. OVERBEY, an individual        §
and BRENT HIGGINS TRUCKING, INC.,      §
a Corporation,                         §
   *Defendants.*                       §

## DEFENDANTS' FIRST AMENDED BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SEPARATE TRIALS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants Bobby Overbey and Brent Higgins Trucking, Inc. (hereafter "Defendants"), and file this, their Brief in Support of Defendants' Motion for Separate Trials.  In support, Defendants would respectfully show the Court the following:

### I. Introduction

1.      Plaintiff is Melody Lee, as Personal Representative of the Estate of John Andrew Morton and Defendants are Bobby A. Overbey and Brent Higgins Trucking, Inc.

2.      The lawsuit arose from a collision between a motor vehicle driven by John Morton and a tractor-trailer driven by Bobby Overbey that occurred on or about August 22, 2008 in Gainesville, Texas.  John Morton died as a result of the collision.  On October 27, 2008, Plaintiff Melody Lee, as Personal Representative of the Estate of John Morton, filed suit against Defendants seeking to recover for personal injury damages allegedly arising from the August 22, 2008 collision.  This matter is set for trial on February 1, 2010.

3.      Plaintiff alleges that John Morton's death was directly caused by the negligence of the Defendants.

4.      Defendants filed their First Amended Answer on July 16, 2009, and specifically denied Plaintiff's allegations of negligence against them.

5.      Defendants now come forth and affirmatively stipulate to negligence as it relates to causation of the accident.  Defendants admit that their negligence was the proximate cause of the accident.  Defendants *do not* admit to Plaintiff's allegations of reckless conduct or gross negligence and state that Plaintiff is still required to meet her burden of proof with regard to any claims for punitive damages.

6.      Defendants' stipulation for negligence limits the initial issues the jury must determine.  As such, Defendants move the court to bifurcate this lawsuit.  During the first phase of this trial, the trier of fact should determine only the amount of compensatory damages to be awarded to Plaintiff, if any.  During the second phase, the trier of fact should then determine whether Defendants acted with such conduct to support an award of punitive damages and, if so, the amount of punitive damages to be awarded, if any.

7.      Defendants request that Judge Dawson rule on this motion given that the Court's ruling on the issues presented in this motion directly affects the manner in which this trial is conducted, the length of the trial, and the order in which evidence and witnesses to be presented.

## II.  Argument and Authority

8.      This Motion for Separate Trials is governed by Federal Rule of Civil Procedure 42, because a federal court sitting in diversity applies state substantive law and federal procedural law and bifurcation is primarily a procedural issue.  *See Erie Railroad v. Tomkins*, 304 U.S. 64 (1938). Federal Rule of Civil Procedure 42 (b) states that the court may order a

separate trial of any claim or of any separate issue in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy.  A court may bifurcate a lawsuit for purposes of trial when the case involves separate and distinct issues and when separate trials will do justice, avoid prejudice, and further the convenience of the parties and the court.[1]  It is within the court's discretion to bifurcate the issues of liability and exemplary damages in wrongful death actions.[2]  The district court may bifurcate, trifurcate, or further subdivide a case at whatever point the division will promote economy and accuracy in adjudication.[3]

9.     Because Defendants have stipulated that their negligence caused the accident, the jury is left to decide how much, if any, actual damages should be awarded to Plaintiff.  The court should bifurcate the issues of compensatory damages from the issue of liability for punitive damages because Defendants will be greatly prejudiced if the court does not bifurcate the trial.  The issues of compensatory damages and liability for punitive damages are clearly separable and can be tried separately without confusing the jury.[4]

10.     Given that Defendants have stipulated to negligence in causing the accident, the evidence pertaining to Plaintiff's punitive damage claim is completely separate and apart from the evidence supporting Plaintiff's compensatory damage claim. If the issues are tried together, evidence relevant to Plaintiff's claim for punitive damages will only serve to inflame the jury, greatly affecting the trier of fact's initial determination as to compensatory damages.  The result would be highly prejudicial to the Defendants.  In determining an award for compensatory damages, the jury should only evaluate the elements of damages which Plaintiff has pled.

---

[1] *See Saxion v. Titan-C manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).
[2] *See Fletcher v. Duke*, 223, 635 S.W.2d 2, 3 (Ark.App. 1982).
[3] *See Hydrite Chem. Co. v. Calumet Lubricants Co.*, 47 F.3d 887, 891 (7th Cir. 1995).

Allowing the jury to consider aggravating factors, such as the post accident condition of the vehicles, the post accident condition of John Morton's body, evidence of alleged drug use by Bobby Overbey, and the circumstances of the collision, would serve no purpose given Defendants' stipulation and would only serve to inflame the jury.  The jury would only hear evidence of Plaintiff's damages in the first phase of the trial.  In the second phase of the trial, Plaintiff could then present evidence regarding their claim for punitive damages. Trying the compensatory damages issue first, would avoid potential confusion by the jury and would eliminate the possibility that the jury would award a *different* amount of compensatory damages, based solely on evidence relate to Plaintiff's claim for punitive damages.  Therefore, the Court should bifurcate the trial of this matter.

11.    The issue of exemplary damages is predicated on an initial finding of compensatory damages by the trier of fact.  In order to recover punitive damages from a defendant, a plaintiff must prove that the defendant is liable for compensatory damages and that the defendant either (1) knew or ought to have known the conduct would naturally and probably result in injury or damage and that the Defendant continued the conduct with malice or reckless disregard of the consequences, or (2) the Defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.[5]    Thus, according to the statute authorizing punitive damages, the trier of fact must first determine compensatory damages as a threshold to any determination regarding exemplary damages.   The issues of compensatory damages and exemplary damages are clearly separable and can be tried separately without confusing the jury.

---

[4] *See Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964-65 (10th Cir. 1993).
[5] *See* Arkansas Code Annotated §16-55-206.

**DEFENDANTS' FIRST AMENDED BRIEF IN SUPPORT OF DEFENDANTS'**          **Page 4**
**MOTION FOR SEPARATE TRIALS**
P:\LIT\179\14\Motions & Orders\AR Case\Mtn2Bifurcate^Brief^1stAmd.doc

12.    In addition, the issues should be bifurcated because the financial conditions of both Defendants should not be presented to the jury during the compensatory phase of the trial. *See Lin v. Darren Beavers, Hi-Tech Testing Service, Inc.*, 2009 WL 361247 (W.D. Ark.). Although evidence of the Defendants' net worth is relevant to issues concerning Plaintiffs' claim for punitive damages, this evidence could have a prejudicial or confusing effect on jury deliberations concerning compensatory damages. *See id.* Again, the jury could potentially award a *different* amount of compensatory damages based solely on evidence of the Defendants net worth.

13.    Bifurcation will reduce the time needed to present evidence. If the Court separates the trial, Plaintiff will likely not have to call a number of witnesses during the compensatory damage portion of the trial, which may include the following witnesses: Trooper Brown, Trooper Sappington, Tom Curtis, Megan Brown, John Vogel, George Avlos, Heath Avlos, Dwight Peters, Dr. Henry Edwards, Shari Fisher, and J.K. Townsend-Parchman, M.D. The reduction in the number of witnesses needed at trial would reduce the length of the trial from potentially two weeks to only four days. Therefore, the court should bifurcate this matter and separate the compensatory damage issue from the exemplary damages issue at trial.

### III. Conclusion

14.    WHEREFORE, PREMISES CONSIDERED, Defendants move this Court to bifurcate the trial of this matter as stated herein and ask the court to separate the issue of compensatory damages for negligence from the issue of Plaintiff's claim of punitive damages, and grant all other and further relief, whether general or special, at law or in equity, to which they are entitled.

Respectfully submitted,


/s/ Alfred F. Angulo, Jr. _____
Alfred F. Angulo, Jr. (dangulo@barrettdeacon.com)


   /s/ James D. Stanton_____
James D. Stanton (jstanton@jstantonlaw.com)

**OF COUNSEL:**

| | |
|---|---|
| Alfred F. Angulo, Jr.<br>Arkansas State Bar No. 81003<br>Barrett & Deacon, P.A.<br>100 W. Center St., Suite 200<br>P.O. Box 1506<br>Fayetteville, AR 72702<br>Telephone: (479) 582-5353<br>Facsimile: (479) 582-5454<br>Email: dangulo@barrettdeacon.com | James D. Stanton<br>Texas State Bar No. 19053260<br>*Admitted Pro Hac Vice*<br>E-mail: jstanton@jstantonlaw.com<br>Derek A. Cargill<br>Texas State Bar No. 24040639<br>E-mail:  dcargill@jstantonlaw.com<br>THE LAW OFFICES OF JAMES STANTON L.P.<br>Turtle Creek Centre, Suite 770<br>3811 Turtle Creek Boulevard<br>Dallas, Texas  75219<br>Telephone:     (214) 559-3232<br>Facsimile:     (214) 559-0777 |

ATTORNEYS FOR DEFENDANTS BOBBY A.
OVERBEY AND BRENT HIGGINS TRUCKING
COMPANY, INC.


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on Billy Griffin and Rusty Smith, Counsel for Plaintiffs, and  via the Court's electronic mailing system on this the 8th day of January, 2010.


 /s/ James D. Stanton_____
JAMES D. STANTON
DEREK A. CARGILL