IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELODY L. LEE as
Personal Representative of the
Estate of John Andrew Morton                                                           PLAINTIFF

      V.                             NO. 2:08-cv-02115

BOBBY A. OVERBEY and
BRENT HIGGINS TRUCKING, INC.                                         DEFENDANT

## **O R D E R**

Before the court is the Plaintiff's Motion for Reconsideration (Doc. 185) of the Order Denying the Defendant Motion to Quash a Subpoena to Lancer Insurance Company. (Doc. 154).

The lawsuit before this Court arose from a collision between a motor vehicle driven by John Morton and a tractor-trailer driven by Bobby Overbey that occurred on or about August 22, 2008. John Morton died as a result of the collision. Plaintiff, as personal representative, filed this lawsuit on October 21, 2008 seeking personal injury damages allegedly resulting from this collision.

Discovery has been contentious between the parties and necessitated multiple actions by the court. In the present instance the Plaintiff filed a Notice of Subpoena Requesting Production (Doc. 148-1) on Lancer Insurance Company, the Defendant's Insurance carrier. The Defendants filed a Motion to Quash (Doc. 147) contending that Lancer hired an attorney on the day of the accident and that the entire file was protected by attorney-client privilege and work product. (Doc. 148). No privilege log was filed with the Motion or the Brief in Support.

On December 3, 2009 the court entered an Order (Doc. 154) denying the Motion to Quash and noting that no privilege log had accompanied the Motion.

On December 14, 2009 the Defendants filed a Motion for Reconsideration (Doc. 185) but still did not attach a privilege log until a Reply (Doc. 190) at which time the Defendants did attach a privilege log. (Doc. 190-1).

A hearing was conducted by the court on January 7, 2010 and at that time the Defendant presented the documents to the court for in camera review. The Defendants contend that the documents on the privilege log are protected because of attorney-client privilege or work product and in one instance for relevancy. The first document listed on the privilege log was a "Claim alert form" completed on the day of the accident and the first six documents appeared to be documents that were prepared in the normal course of business by an insurance company that had been notified of a loss.

The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. 8 J. Wigmore, Evidence § 2290 (McNaughton rev.1961). Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client. *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981). It is well settled that corporations may assert the attorney-client privilege. *See Upjohn*, 449 U.S. at 389-90, 101 S.Ct. at 682-83; Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985); *John W. Gergacz*, Attorney-Corporate Client Privilege ¶ 1.04 (2nd ed. 1990).

In United States v. United Shoe Machinery Corporation, 89 F.Supp. 357, 358-59 (D.Mass.1950), the district court set forth these elements necessary to establish the existence of

the attorney-client privilege:

> the privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (I) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*See Fausek v. White*, 965 F.2d 126, 129 (6th Cir.), cert. denied sub nom., 506 U.S. 1034, 113 S.Ct. 814, 121 L.Ed.2d 686 (1992).FN4; *Great Plains Mut. Ins. Co., Inc. v. Mutual Reinsurance Bureau,* 150 F.R.D. 193, 196 (D.Kan.,1993).

The work-product privilege is intended to protect from disclosure materials prepared in anticipation of litigation. The inchoate possibility, or even the likely chance of litigation, does not give rise to the privilege. *Diversified Industries*, 572 F.2d at 604. *See also Binks Manufacturing Co. v. National Presto Industries, Inc.*, 709 F.2d 1109, 1118-19 (7th Cir.1983); 8 Wright & Miller, Federal Practice & Procedure, Civil, § 2024, pp. 198-99 (1970 and 1986 Supp.).

The fact that a defendant anticipates the contingency of litigation resulting from an accident or event does not automatically qualify an 'in house' report as work product ... A more or less routine investigation of a possibly resistible claim is not sufficient to immunize an investigative report developed in the ordinary course of business. *Tejada Fashions Corp. v. Yasuda Fire & Marine Ins. Co.*, No. 83-5512, slip op. (S.D.N.Y. June 18, 1984) [available on WESTLAW, DCTU database] (documents prepared by investigator for insurance company

regarding fire damage not protected under work-product privilege).  See Mission Nat. Ins. Co. v. Lilly  112 F.R.D. 160, 163 (D.Minn.,1986).

The Party asserting the privilege has the burden of proof.  The party "me[ets] its burden of providing a factual basis for asserting the privileges when it produce[s] a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its ... counsel." *St. Paul Reinsurance Company, Ltd. v. Commercial Financial Corp.*  197 F.R.D. 620, 628 (N.D.Iowa,2000). (citing *Zar v. South Dakota Bd. of Examiners of Psychologists*, 976 F.2d 459, 463-64 (8th Cir.1992).

The court notes that no affidavit was attached to the privilege log stating why the specific privilege was applicable but the court conducted a hearing on the Motion to Reconsider on January 7, 2010 and at the hearing the court considered each document in camera and heard arguments from counsel as to why each document should be covered by a privilege.

The court having considered the arguments of counsel and upon review of the documents in camera finds that the Motion to Reconsider is **GRANTED in PART and DENIED in PART** as follows:

Bates # 000001-000010, 000012, 000044, 000046, 00049, 000050, 000052, 000053, 000055, 000057, 000059, 000061, 000063, 000065, 000080, 000083, 000097 and 000099 are documents prepared in the normal course of business and are not protected by the attorney-client or work product privilege and the Motion to Reconsider as to the above documents is DENIED and the Defendant is directed to deliver the above documents to the Plaintiff forthwith.

Bates # 000013-000020, 000045, 000047, 000048, 000050, 000051, 000054, 000056, 000058, 000060, 000062, 000064, 000081, 000082, 000084, 000086-000096, 000098 and 000100 are documents that are protected by the attorney-client or work product privilege and the

Motion to Reconsider as to the above document is GRANTED and the Motion to Quash the Subpoena as it regards the above documents is GRANTED.

Bates # 000021-000043 the court finds to be a document that is prepared in the normal course of business but contains a statement made by Defendant Overbey that the court believes is protected under the attorney-client privilege therefore the Motion to Reconsider as to the above document is DENIED except to the extent that the Defendant is instructed to redact from the report any reference to any statement made by Defendant Overbey.

Bates #000011 was taken under review by the court and upon further review this document is clearly a document that is made in the normal course of business as it relates the initial contact concerning the accident and the initial steps taken by the insurance company. The Motion for Reconsideration as to the above document is DENIED.

Bates #000066-000073 & 000074-000079 is a safety evaluation and a letter summarizing the safety evaluation performed by Lancer Insurance Company on September 10, 2008. The Defendants do not contend that the documents are attorney-client or work product but that the documents are not relevant. The court disagrees and finds that the survey and letter are a standard "service" provided by Lancer Insurance Company concerning the overall operation of the Defendant Brent Higgins Trucking which pertains to some of the issues alleged in the present suit. The Motion for Reconsideration on the above documents is DENIED.

Bates #000085 is a document entitled "Detailed Inspection Report". There is nothing to indicate that this document was not prepared in the normal course of business by Lancer and appears to relate to more to the "safety audit report" and not to the accident in question. The Motion to Reconsider on the above document is DENIED.

 IT IS SO ORDERED this September 28, 2009.

              /s/ J. Marschewski
              HONORABLE JAMES R. MARSCHEWSKI
              United States Magistrate Judge