IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELODY L. LEE, as personal
representative of the ESTATE OF
JOHN ANDREW MORTON, deceased                          PLAINTIFF

         V.           CASE No. 08-2115

BOBBY A. OVERBEY, an individual
and BRENT HIGGINS TRUCKING, INC.,
a corporation                                        DEFENDANTS

## ORDER

Now before the Court are Defendants' First Amended Motion for Separate Trials and supporting brief (docs. 202-03). Defendants ask the Court to bifurcate the compensatory damages phase of the trial from any punitive damages phase pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. Defendants contend bifurcation is necessary to eliminate juror confusion and prejudice to Defendants.

The Eighth Circuit Court of Appeals has stated that district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion when determining whether to bifurcate. *See O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990). Other factors to consider are the separability of the issues; simplification of discovery and conservation of resources; prejudice to the parties; and the effect of bifurcation on the potential for settlement. *See Bancorp Servs., L.L.C. v.*

*Sun Life Assur. Co. of Canada*, No. 4:00-CV-1073, 2006 WL 1026992, *2 (E.D. Mo. 2006)(citations omitted). However, the key issue is whether bifurcation is necessary to avoid prejudice. *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000). Where evidence on one issue is relevant to other issues that the movant seeks to bifurcate into a separate phase of the trial, the movant is not prejudiced, and the court does not abuse its discretion in declining to bifurcate the issues. *See Equal Employment Opportunity Comm'n v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

This lawsuit arises from a motor vehicle accident involving separate vehicles driven by John Morton, deceased, and Bobby Overbey. The Court finds that judicial economy would not be served by bifurcating the damages phases of the trial, and that some evidence may be relevant to compensatory damages such as emotional distress, as well as any punitive damages. Further, any prejudice can be avoided by instructing the jury it is not to consider Defendants' net worth when assessing compensatory damages. Accordingly, Defendants' First Amended Motion for Separate Trials (doc. 202) is DENIED, and Defendants' Motion for Separate Trials (doc. 200) is DENIED AS MOOT.

IT IS SO ORDERED this 8th day of January 2010.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge